*The probate of the will of* CATHERINE FAY.

WHERE one of the next of kin, who was cited to attend probate, and did not contest the probate, and gave no sufficient reason for her failure to contest, afterwards moved to vacate the order of probate, claiming that others next of kin existed who were not cited, which the executor denied, the motion was refused by the Surrogate, there appearing to be no merits in her application, and there being a remedy given by statute, on the filing of allegations against the probate, by the petitioner, or any other claiming to be next of kin.

JOHN C. T. SMIDT *and* JAMES K. AYMAR, *for next of kin.*
MINOR & JACQUES, *for Executors.*

THE SURROGATE. The will of Catherine Fay, deceased, was propounded for probate by petition of Augustus L. Allen, the person nominated therein as executor, on the 14th day of April, 1869. In his petition he set forth that the only heir and next of kin of the decedent is Anna Maria Merriam, widow, a sister of the decedent, residing at No. 163 Bleecker street, in the city of New York, and that said decedent left no husband, child, child of any deceased child, father, mother, brother, or other sister than said Anna Maria, or any descendant of any deceased brother or sister, her surviving. The will is propounded as a will of both personal and real estate, and the value of the property sworn at $20,000. The will exercises a power of appointment and bequest, given to the testratrix, as to a principal sum of $10,000 (bequeathed in trust for the use of the decedent under the will of Jacob Harsen, deceased), and bequeathes the same to Horatio P. Allen. It also gives, devises and bequeathes all the rest, residue and remainder of the estate of the testatrix to the said Horatio P. Allen.

Citation was issued to Anna Maria Merriam, returnable the 28th day of April, 1869, and served upon her. She appeared and opposed the probate of the will, and the proceeding for probate was placed on the Surrogate's contested

calendar. The notice of contest was in writing, given by "J. H. Cornell, proctor for Mrs. Merriam, sister and heir-at-law of the deceased." The proceeding was on the May and June calendars of contested cases, and not being tried before the summer vacation, went over to the September term of this Court, and was called in its order on the 28th day of September. There being no appearance for the contestant at that time, and the formal depositions of the two subscribing witnesses having been taken, and all legal requirements fulfilled, the will was admitted to probate by the Surrogate. Up to this time no intimation had been given to the Surrogate, or, as the executor swears, to him, that there were any other next of kin or heirs-at-law of the testatrix who should have been cited to attend probate.

Anna Maria Merriam, by James K. Aymar as proctor, and Mr. Smidt as counsel, now moves to vacate probate, on a petition dated and verified the 8th day of October, 1869, in which she sets forth "that she is the only person who has been cited to attend probate of the will; that she employed Mr. Aymar to appear for her in opposition thereto; that Henry Jackson, David S. Jackson, Moses W. S. Jackson, John Jacob Harsen Jackson, and Mrs. Edwards were the brothers and sisters of the petitioner and of the testatrix, and that no citation has been served upon them, or upon the children of Henry Jackson, the child of Moses W. S. Jackson or the child of John Jacob Harsen Jackson.

Mr. Aymar's affidavit is annexed, in which he states that he had no notice of the call of the Surrogate's calendar on the 28th of September. [This is to be explained by the fact that he did not give the Surrogate notice of his appearance as proctor for David S. Jackson, Nancy S. Edwards, and Catherine E., daughter of John Jacob Harsen Jackson, until the 11th day of October, nor of his substitution in place of Mr. Cornell, as proctor for the contestant, until the 8th day of November.]

In opposition to the motion, which is to vacate the

probate and open the probate proceeding, the executor denies that the persons named are next of kin to the dece dent.

It is to be observed, that the present motion is not made on any application of the persons who, it is claimed, are next of kin omitted in the citation. It is made by the next of kin who was cited, and who appeared, and whose only claim of a want of notice of the call of the calendar must rest upon the *laches* of the counselor she employed to represent her.

The Revised Statutes (see 3 *R. S.*, *5th ed.*, *p.* 142, § 24 [30]) provide a means for contesting the probate of a will, by any of the next of kin, by filing allegations against its validity or the competency of the proof of the will, within one year after such probate. This, however, is not the remedy sought by the petitioner at the bar. She asks to have the order of probate vacated, and the proofs opened, under the general powers possessed by the Surrogate to reverse and annul orders made by him under error or mistake. (See the *case of* Brick, published by the Board of Supervisors, *pamphlet*, 1863.)

While I do not doubt my jurisdiction as Surrogate to proceed, at my option, under the papers before me, to open the probate of the will, I do not think that I am called upon and required to do so, under the circumstances of this case, while the statutory proceeding by allegations remains open to the petitioner and to those who, as she complains, have not been brought before the Court by its process. Until the 20th day of September, 1870, she or they are entitled to file such allegations. In the present application there appear to be no merits such as should induce the Surrogate to open a decree against which there is another and a better remedy. The petitioner, Mrs. Merriam, must have known in April, as well as in the following October, whether the persons she names were of kin to the decedent. A delay of five months between the return of citation and the probate has already occurred

upon her naked objection filed with the Surrogate. And the excuse for her failure to contest the proofs in September, is by no means clear and sufficient.

In denying the present motion, I do not, of course, prejudice the statutory proceeding, which the petitioner or any one claiming to be next of kin may institute; indeed, I only throw back the petitioner and those who, as she avers, are aggrieved, upon the remedy given by the statute.